1  WILLIAM P. DONOVAN, JR. (SBN 155881)
   *william.donovan@dlapiper.com*
2  DAVID A. GRENARDO (SBN 223142)
   *david.grenardo@dlapiper.com*
3  DLA PIPER US LLP
   1999 Avenue of the Stars, Fourth Floor
4  Los Angeles, California  90067-6022
   Tel:   (310) 595-3000
5  Fax:   (310) 595-3300

6  Attorneys for Defendant,
   CIGNA HEALTH CORPORATION

7

*NOTE CHANGES MADE BY THE COURT*

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**DEC 2 7 2007**

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

*NOTE CHANGES MADE BY THE COURT*

10

11  DVA RENAL HEALTHCARE, INC.,        CASE NO.  SACV 07-221 DOC (SHx)
    a Tennessee corporation;
12                                     *[Assigned to the Honorable Judge*
                 Plaintiff,            *David O. Carter]*
13
                                       **STIPULATED PROTECTIVE**
14       v.                            **ORDER**

15  CIGNA HEALTH CORPORATION, a        Complaint Filed:  February 21, 2007
    Delaware corporation,              Trial Date:       October 21, 2008
16
                 Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
ATTORNEYS AT LAW
LOS ANGELES

**STIPULATED PROTECTIVE ORDER**

LOSA1\337054.3
304154-21

# ORIGINAL

## I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   DEFINITIONS

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discover in this matter.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how generated stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

-1-

**STIPULATED PROTECTIVE ORDER**

DLA PIPER US LLP
ATTORNEYS AT LAW
LOS ANGELES

LOSA1\337054.3
304154-21

1    2.5    Producing Party:  a Party or non-party that produces Disclosure or

2  Discovery Material in this action.

3    2.6.    Designating Party:  a Party or non-party that designates information or

4  items that it produces in disclosures or in responses to discovery as "Confidential."

5    2.7    Protected Material:  any Disclosure or Discovery Material that is

6  designated as "Confidential."

7    2.8    Outside Counsel:  attorneys who are not employees of a Party but who

8  are retained to represent or advise a Party in this action.

9    2.9    House Counsel:  attorneys who are employees of a Party.

10    2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as

11  well as their support staffs).

12    2.11    Expert:  a person with specialized knowledge or experience in a matter

13  pertinent to the litigation who has been retained by a Party or its counsel to serve as

14  an expert witness:  or as a consultant in this action and who is not a past or a current

15  employee of a Party or of a competitor of a Party's and who, at the time of

16  retention, is not anticipated to become an employee o a Party or a competitor of a

17  Party's.  This definition includes a professional jury or trial consultant retained in

18  connection with this litigation.

19    2.12    Professional Vendors:  persons or entities that provide litigation

20  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

21  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

22  and their employees and subcontractors.

23  **III.    SCOPE**

24    The protections conferred by this Stipulation and Order cover not only

25  Protected Material (as defined above), but also any information copied or extracted

26  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

27

28                                                    -2-

**STIPULATED PROTECTIVE ORDER**

1   testimony, conversations, or presentations by parties or counsel to or in court or in

2   other settings that might reveal Protected Material.

3   **IV.   DURATION**

4   Even after the termination of this litigation, the confidentiality obligations

5   imposed by this Order shall remain in effect until a Designating Party agrees

6   otherwise in writing or a court order otherwise directs.

7   **V.   DESIGNATING PROTECTED MATERIAL**

8   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

9   Each Party or non-party that designates information or items for protection under

10  this Order must take care to limit any such designation to specific material that

11  qualifies under the appropriate standards.  A Designating Party must take care to

12  designate for protection only those parts of material, documents, items, or oral or

13  written communications that qualify – so that other portions of the material,

14  documents, items, or communications for which protection is not warranted are not

15  swept unjustifiably within the ambit of this Order.

16  Mass, indiscriminate, or routinized designations are prohibited.  Designations

17  that are shown to be clearly unjustified, or that have been made for an improper

18  purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or

19  to impose unnecessary expenses and burdens on other parties), expose the

20  Designating Party to sanctions.

21  If it comes to a Party's or a non-party's attention that information or items

22  that it designated for protection do not qualify for protection at all, or do not qualify

23  for the level of protection initially asserted, that Party or non-party must promptly

24  notify all other parties that it is withdrawing the mistaken designation.

25  5.2   <u>Manner and Timing of Designations.</u>  Except as otherwise provided in

26  this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise

27

28

-3-

**STIPULATED PROTECTIVE ORDER**

stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-

-4-

**STIPULATED PROTECTIVE ORDER**

1   party that sponsors, offers, or gives the testimony may invoke on the record (before
2   the deposition or proceeding is concluded) a right to have up to twenty (20) days to
3   identify the specific portions of the testimony as to which protection is sought.
4   Only those portions of the testimony that are appropriately designated for protection
5   within the twenty (20) days shall be covered by the provisions of this Stipulated
6   Protective Order.

7          Transcript pages containing Protected Material must be separately bound by
8   the court reporter, who must affix to the top of each such page the legend
9   "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring
10  the witness or presenting the testimony.

11         (c)     for information produced in some form other than documentary, and
12  for any other tangible items, that the Producing Party affix in a prominent place on
13  the exterior of the container or containers in which the information or item is stored
14  the legend "CONFIDENTIAL."  If only portions of the information or item warrant
15  protection, the Producing Party, to the extent practicable, shall identify the
16  protected portions.

17         5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent
18  failure to designate qualified information or items as "Confidential" does not,
19  standing alone, waive the Designating Party's right to secure protection under this
20  Order for such material.  If material is appropriately designated as "Confidential"
21  after the material was initially produced, the Receiving Party, on timely notification
22  of the designation, must make reasonable efforts to assure that the material is
23  treated in accordance with the provisions of this Order.

24  **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25         6.1    Timing of Challenges.  Unless a prompt challenge to a Designating
26  Party's confidentiality designation is necessary to avoid foreseeable substantial
27  unfairness, unnecessary economic burdens, or a later significant disruption or delay

28

-5-

**STIPULATED PROTECTIVE ORDER**

DLA PIPER US LLP
ATTORNEYS AT LAW
LOS ANGELES

LOSA1\337054.3
304154-21

of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

-6-

**STIPULATED PROTECTIVE ORDER**

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

-7-

**STIPULATED PROTECTIVE ORDER**

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author of the document or the original source of the information.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," then the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

-8-

**STIPULATED PROTECTIVE ORDER**

1   subpoena or order issued.  The Designating Party shall bear the burdens and the

2   expenses of seeking protection in that court of its confidential material – and

3   nothing in these provisions should be construed as authorizing or encouraging a

4   Receiving Party in this action to disobey a lawful directive from another court.

5   **IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

6       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7   Protected Material to any person or in any circumstance not authorized under this

8   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

9   writing the Designating Party of the unauthorized disclosures, (b) use its best

10   efforts to retrieve all copies of the Protected Material, (c) inform the person or

11   persons to whom unauthorized disclosures were made of all the terms of this Order,

12   and (d) request such person or persons to execute the "Acknowledgment and

13   Agreement to Be Bound" that is attached hereto as Exhibit A.

14   **X.   FILING PROTECTED MATERIAL**

15       Without written permission from the Designating Party or a court order

16   secured after appropriate notice to all interested persons, a Party may not file in the

17   public record in this action any Protected Material.  A Party that seeks to file under

18   seal any Protected Material must comply with Civil Local Rule 79-5.

19   **XI.   FINAL DISPOSITION**

20       Unless otherwise ordered or agreed in writing by the Producing Party, within

21   sixty (60) days after the final termination of this action, each Receiving Party must

22   return all Protected Material to the Producing Party.  As used in this subdivision,

23   "all Protected Material" includes all copies, abstracts, compilations, summaries or

24   any other form of reproducing or capturing any of the Protected Material.  With

25   permission in writing from the Designating Party, the Receiving Party may destroy

26   some or all of the Protected Material instead of returning it.  Whether the Protected

27   Material is returned or destroyed, the Receiving Party must submit a written

28

-9-

DLA PIPER US LLP
ATTORNEYS AT LAW
LOS ANGELES

LOSA1\337054.3
304154-21

1  certification to the Producing Party (and, if not the same person or entity, to the

2  Designating Party) by the sixty (60) day deadline that identifies (by category, where

3  appropriate) all the Protected Material that was returned or destroyed and that

4  affirms that the Receiving Party has not retained any copies, abstracts,

5  compilations, summaries or other forms of reproducing or capturing any of the

6  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

7  an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

8  correspondence or attorney work product, even if such materials contain Protected

9  Material.  Any such archival copies that contain or constitute Protected Material

10  remain subject to this Protective Order as set forth in Section 4 (DURATION),

11  above.

12  **XII.  MISCELLANEOUS**

13     12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

14  person to seek its modification by the Court in the future.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

-10-

**STIPULATED PROTECTIVE ORDER**

LOSA1\337054.3
304154-21

1        12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2    Protective Order no Party waives any right it otherwise would have to object to

3    disclosing or producing any information or item on any ground not addressed in

4    this Stipulated Protective Order.  Similarly, no Party waives any right to object on

5    any ground to use in evidence of any of the material covered by this Protective

6    Order.

7    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8
9    Dated:  December __21__, 2007          WINSTEN LAW GROUP

10                                          By: _Michael S Winsten_____

11                                          MICHAEL S. WINSTEN
                                            Attorneys for Plaintiff
12                                          DVA Renal Healthcare Inc.

13   Dated:  December _____, 2007           DLA PIPER US LLP

14
                                            By: _____
15                                          WILLIAM P. DONOVAN, JR.
                                            DAVID A. GRENARDO
16                                          Attorneys for Defendant
                                            CIGNA Health Corporation
17

18   PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

19
                                            _____
20                                          DAVID O. CARTER
                                            United States District Judge
21

22

23

24

25

26

27

28

-11-

**STIPULATED PROTECTIVE ORDER**

LOSA1\337054.3
304154-21

1        12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2    Protective Order no Party waives any right it otherwise would have to object to

3    disclosing or producing any information or item on any ground not addressed in

4    this Stipulated Protective Order.  Similarly, no Party waives any right to object on

5    any ground to use in evidence of any of the material covered by this Protective

6    Order.

7    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    Dated:  December ____, 2007        WINSTEN LAW GROUP

10                                      By:_____

11                                          MICHAEL S. WINSTEN
                                            Attorneys for Plaintiff
12                                          DVA Renal Healthcare Inc.

13   Dated:  December 21, 2007         DLA PIPER US LLP

14                                      By: Will P. Donovan

15                                          WILLIAM P. DONOVAN, JR.
                                            DAVID A. GRENARDO
16                                          Attorneys for Defendant
                                            CIGNA Health Corporation

17

18   PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

19

20                                      DAVID O. CARTER
                                        United States District Judge
21

22

23

24

25

26

27

-11-

28

**STIPULATED PROTECTIVE ORDER**

LOSA1\337054.3
304154-21

1

**ORDER**

2          **FOR GOOD CAUSE SHOWN,** the foregoing Protective Order, requested by stipulation

3    of the parties, is hereby entered.

4          Documents subject to this order may be filed under seal only by specific order of the Court.

5    If a party desires to file a document subject to this order under seal, the party shall submit a

6    stipulation signed by all parties explaining specifically what documents are at issue and why they

7    deserve heightened protection from disclosure. If the parties are unable to reach a stipulation, the

8    party desiring the file under seal may submit an *ex parte* application, explaining both why the Court

9    should allow the filing to be under seal and also why the parties were unable to reach a stipulation.

10   Only in exceptional circumstances will the Court allow briefs to be filed under seal.

11         **IT IS SO ORDERED.**

12

13   Dated:   December 27, 2007

*David O. Carter*

14                                                              DAVID O. CARTER
                                                         United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4    _____ [print or type full address],

5    declare under penalty of perjury that I have read in its entirety and understand the

6    Stipulated Protective Order that was issued by the United States District Court for

7    the Central District of California on _____ [date] in the case of

8    *DVA Renal Healthcare, Inc. vs. CIGNA Health Corporation*, Case No. SACV 07-

9    221 DOC (SHx).  I agree to comply with and to be bound by all the terms of this

10   Stipulated Protective Order and I understand and acknowledge that failure to so

11   comply could expose me to sanctions and punishment in the nature of contempt.  I

12   solemnly promise that I will not disclose in any manner any information or item

13   that is subject to this Stipulated Protective Order to any person or entity except in

14   strict compliance with the provisions of this Order.

15          I further agree to submit to the jurisdiction of the United States District Court

16   for the Central District of California for the purpose of enforcing the terms of this

17   Stipulated Protective Order, even if such enforcement proceedings occur after

18   termination of this action.

19          I hereby appoint _____ [print or type full name] of

20   _____ [print or type full address and telephone

21   number] as my California agent for service of process in connection with this action

22   or any proceedings related to enforcement of this Stipulated Protective Order.

23   Date: _____

24   City and State where sworn and signed: _____

25   Printed name: _____
                                  [printed name]
26
     Signature: _____
27                               [signature]
28                                                    -12-

**STIPULATED PROTECTIVE ORDER**

DLA PIPER US LLP
ATTORNEYS AT LAW
LOS ANGELES

LOSA1\337054.3
304154-21

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is 28202 Cabot Road, Suite 630, Laguna Niguel, California 92677.

On December 24, 2007, I served a copy of the foregoing document(s) described as **Stipulated Protective Order** on the interested parties in said action, (X) by placing ( ) the original (X) a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| William P. Donovan, Jr., Esq. | David A. Grenardo, Esq. |
| william.donovan@dlapiper.com | david.grenardo@dlapiper.com |
| DLA Piper US LLP | DLA Piper US LLP |
| 1999 Avenue of the Stars, Fourth Floor | 1999 Avenue of the Stars, Fourth Floor |
| Los Angeles, California 90067 | Los Angeles, California 90067 |
| Telephone: (310) 595-3031 | Telephone: (310) 595-3031 |
| Telecopier: (310) 595-3331 | Telecopier: (310) 595-3331 |

(X) (BY U. S. MAIL)   I deposited such envelope in the mail at Laguna Niguel, California. The envelope was mailed by certified mail with return request requested with postage thereon fully prepaid,
(X) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Laguna Niguel, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

() (BY FEDERAL EXPRESS) I sent via Federal Express including all attached exhibits. I am "readily familiar" with the firm's practice of collection and processing packages for Federal Express delivery. Under that practice, the packages are picked up by, or delivered to, a Federal Express representative on the same day with the Airbill listing the account number for billing to sender at Orange County, California, in the ordinary course of business. The packages were deposited in a federal express pick-up location on that date following ordinary business practices

(X) BY E-MAIL.  Pursuant to agreement of counsel, I transmitted this document by electronic transmission to the E-mail addresses provided and listed above.

() BY FAX.  I faxed such document pursuant to Code of Civil Procedure §§ 1013 (b), (d),(e) and (f) to the fax numbers listed on attachment.

() (BY PERSONAL SERVICE) I caused such envelope to be hand delivered  to the offices of the addressee(s), as stated above.

() (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X) (FEDERAL)  I declare that I am employed in the office of the bar of this court at whose direction the service was made.

Executed on December 24, 2007, at Laguna Niguel, California.

  Melody A. Lauderdale  
  printed name